**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROL SHULTZ,** *et al.* | : | **CIVIL ACTION NO.: 2:10-CV-1143** |
| | : | |
| Plaintiffs, | : | **JUDGE SMITH** |
| | : | |
| v. | : | **MAGISTRATE JUDGE ABEL** |
| | : | |
| **GRACELAND FITNESS, LLC,** *et al.* | : | |
| | : | |
| Defendants. | : | |

_____

**AGREED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**
_____

To expedite the flow of discovery material and facilitate the prompt resolution of disputes over confidentiality and privilege, and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), it is ORDERED:

**I.    Information Subject to Protective and Confidentiality Order**

1.    This Order shall govern any document, information or other material which is designated as containing "Confidential Information" as defined herein, and is furnished by any party or by a third party in connection with this action.  The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

2.    The term "Confidential Information" shall be interpreted to mean information not known or generally available to the public and shall include but not be limited to, trade secrets, other confidential and proprietary technical, research, or development information, commercial, financial, budgeting and/or accounting information, information about existing and potential

customers, marketing studies, and projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have had business relationships, as well as non-public information of a sensitive, personal and private nature such as business and personal financial information.

3. The scope of this Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

4. A producing entity shall designate documents and materials as confidential only when the producing entity has a reasonable, good faith belief that the information so designated requires the special protection provided to information designated as confidential.

**II. Limitations on Disclosure of Confidential Information**

5. Information designated as confidential pursuant to this Order, and any copies thereof, any information contained therein, and any notes, abstracts, or summaries made therefrom, shall not be disclosed in any matter to anyone other than the following:

    A. Outside and in-house counsel to the parties, and any attorneys, legal assistants, and clerical and secretarial personnel employed by such counsel assisting in the preparation of this action for trial;

    B. Testifying or consulting experts and consultants assisting in the preparation of this action for trial;

    C. The parties to this action or any affiliate, officer, director, owner, representative, or employee thereof;

      D.      Any person for whom deposition or trial testimony will be taken in this cause, provided that (i) only those portions of the confidential documents reasonably necessary for the testimony may be shown to that person, and (ii) that person may not retain any copies of such material;

      E.      The Court, its personnel, any jury, court reporters, stenographers, videographers and persons preparing transcripts of testimony under the supervision of a court reporter, stenographer, or videographer;

      F.      Other persons only in accordance with paragraph 7 of this Order;

6.      Except for those persons described in subsections A and E of paragraph 5, persons given access to Confidential Information are required to execute an "Acknowledgment of Agreed Protective and Confidentiality Order" in the form attached hereto as **Exhibit A**, and the signed copy shall be retained during the pendency of this action by lead counsel for the party who disclosed Confidential Information to that person.

7.      In the event that counsel for any party determines that the prosecution or defense of this action requires that Confidential Information be disclosed to persons not otherwise authorized herein, the party seeking to disclose such information shall provide all other parties written notice of the intended disclosure, which notice shall specify with particularity the Confidential Information to be disclosed and the identity of the otherwise unauthorized personnel not less than twenty days prior to disclosure.  If any party objects to such disclosure to the party giving notice, and states with particularity the basis thereof; the Confidential Information shall not be disclosed unless the Court so orders or permits.

**III.     Manner of Designating Information as Confidential**

*As to Documents and Things Produced*

8.      Any party may designate documents and materials produced in response to discovery as confidential by marking each page of the designated document with a stamp stating "**Confidential**" or marking the materials as "**Confidential**."  Instead of marking the originals, the party may mark the copies that are produced or exchanged.

9.      If documents are produced in electronic form and cannot be physically marked confidential, then the party shall communicate such designation in as clear and unambiguous a manner possible.

10.     Any confidential designation shall be without prejudice to any application to the Court to have any such designation removed prior to showing such document or material to any jury that may sit in the matter.

*As to Interrogatories and Other Written Discovery Responses*

11.     A party may designate answers and responses to written discovery as confidential by marking the first page of the discovery pleading with the appropriate designation, and by indicating the specific answer or response that contains Confidential Information.

*As to Confidential Information in Depositions*

12.     A party claiming that information contained or disclosed in a deposition is confidential may designate the information as such in one of the following ways:  (a) during the deposition, the party may designate  portions of the deposition as confidential by a statement on the record to this effect during the deposition; or (b) by a written statement furnished to opposing counsel of record within thirty (30) days of receipt of the deposition transcript noting the specific subject matter as confidential.

*As to Summaries*

13. Any summaries of documents or information marked confidential shall be marked with the designation: "**Summary from Confidential Information**" and shall be accorded the same status of confidentiality as the underlying documents marked confidential from which the summaries are made, and shall be subject to all of the terms of this Protective Order.

**IV.     Use of Confidential Information in this Proceeding**

14. Persons obtaining access to documents marked confidential under this Order shall use the information only for preparation, proceeding, motion practice and trial of this litigation (including appeals and retrials) and shall not, without the written permission of the producing party, use such information for any other purpose.

15. For documents and materials marked confidential, such documents, if filed, shall be filed under seal and shall remain sealed so long as they retain their status as Confidential Information.

16. If a party intends to use the Confidential Information of another party at any Court proceeding of this matter, the party shall use reasonable efforts to notify the designating party prior to the proceeding.

17. Any party who believes that its Confidential Information may be disclosed in a hearing or at trial in this case may at any time move the Court to limit access to the courtroom and seal portions of the record to avoid disclosure. Any party who believes that its Confidential Information has been disclosed in a hearing or proceeding may designate those portions of the transcript or exhibits as confidential.

**V.     Timing of Confidential Designations**

18. The inadvertent production of any Confidential Information, as well as the inadvertent production of information without an appropriate confidential designation, shall not be deemed a waiver or impairment of any claim of confidentiality. Upon receipt of notice from the producing party that Confidential Information has not been appropriately designated, reasonable efforts shall be used to treat all such information, and any analyses, memoranda, or notes generated therefrom, as confidential.

## VI. Challenge Procedure

19. The parties shall confer in good faith about any disputes relating to the designation of Confidential Information and attempt to resolve such disputes.

20. A party shall not be obligated to challenge the propriety of a confidential designation at the time the designation is made. A failure to immediately challenge the designation shall not waive any rights or prevent a later challenge.

21. Any party may challenge and object to the designation of information as confidential by notifying the parties in writing. Such notice shall specify with particularity the information which is deemed to have been improperly designated as confidential and each reason why such material should not continue to be treated as confidential. Within 10 business days of such notice of objection, the parties will meet and confer regarding the dispute. If no informal resolution is reached at the meet and confer, the party seeking to retain the confidential designation shall file a motion for protective order stating the reasons and authorities supporting its claim to confidentiality within 10 business days of said determination. During the pendency of the meet and confer and the protective order proceedings, the information shall continue to be designated and treated as confidential. However, the party asserting that the material is

confidential retains the burden of proof to demonstrate that the information is confidential to the extent required by law.

### VII. Disposition of Confidential Information

22. Within 60 days of the conclusion of the litigation:

   A. All copies and duplicates of all documents and materials designated confidential by a party shall be returned to that party, upon that party's request, or destroyed if more feasible.

   B. All abstracts, summaries, electronic copies, or descriptions of such documents and materials shall be destroyed, upon that party's request; and

   C. The parties shall provide written confirmation that they have complied with this paragraph, upon a party's request.

23. Notwithstanding the foregoing, nothing in this Order shall preclude outside counsel of record for the parties from retaining copies of pleadings in this case or attorney work product after the conclusion of the litigation that contain or reference Confidential Information.

### VIII. Miscellaneous Provisions

24. This Order is binding on each party hereto, their agents, employees, attorneys, parents, subsidiaries, and affiliates. In the event of a change in counsel, retiring counsel shall provide new counsel with a copy of this Order and fully instruct new counsel of their responsibilities under this Order.

25. In the event that additional parties are named in this action, this Order shall apply equally to them.

26. In the event that any party is served with any judicial process, court order, and/or administrative or regulatory order to compel production or disclosure of any documents,

materials, papers, testimony, or things that have been designated confidential, that party shall inform the other parties to this Order within five days of the receipt of such process or order.

27. All provisions of this Order restricting the use of Confidential Information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the parties agree otherwise in writing.

28. The Court shall retain jurisdiction over the parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Order.

## IX. Inadvertent Disclosure of Information

28. Should any document or information designated as "CONFIDENTIAL" be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the information, then the parties intend to have such person automatically be bound by this Order and (i) such person shall be informed promptly of all the provisions of this Order by the disclosing party; (ii) such person be identified immediately to the producing party; (iii) the disclosing party shall use its best efforts to have such person sign Exhibit A to this Protective Order and forward to the requesting party; and (iv) the disclosing party shall use its best effort to retrieve and return such documents or information. If both parties agree that a disclosure of "Confidential" information was inadvertent, and the disclosing party has substantially complied with this paragraph, the producing party will not seek sanctions associated with the disclosure. If the disclosing party claims that the disclosure of "Confidential" information was inadvertent, and the producing party disagrees, the producing party agrees to meet and confer with the disclosing party before seeking sanctions associated with the disclosure. However, the parties reserve their

rights to dispute another party's claim of inadvertence, and to seek sanctions associated with any disclosure a producing party believes was not inadvertent.

SO ORDERED this ___ day of January, 2012:

s/Mark R. Abel
MAGISTRATE JUDGE MARK R. ABEL

TENDERED BY:

s/James B. Reese
KU & MUSSMAN, P.A.
12550 Biscayne Blvd., Suite 406
Miami, FL  33181
Tel.: (305) 891-1322
Fax: (305) 891-4512
James B. Reese, III, Esq.
Bar ID No.:0081710
Bogart & Reese LLC
35 East Gay Street, Suite 500E
Tel.: (614) 462-0290
Fax: (305) 891-4512
Email: jreese@reeseattorneys.com
COUNSEL FOR PLAINTIFFS


s/Mark T. Hayden
Mark T. Hayden
Bingham Greenebaum Doll LLC
2350 First Financial Center
255 East Fifth Street
Cincinnati, OH  45202
Phone: (513) 455-7643
Facsimile: (513) 455-8500
Email: mhayden@bgdlegal.com
COUNSEL FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROL SHULTZ,** *et al.* | : | **CIVIL ACTION NO.: 2:10-CV-1143** |
| **Plaintiffs,** | : | **JUDGE SMITH** |
| v. | : | **MAGISTRATE JUDGE ABEL** |
| **GRACELAND FITNESS, LLC,** *et al.* | : | |
| **Defendants.** | : | |

**ACKNOWLEDGMENT OF
AGREED PROTECTIVE AND CONFIDENTIALITY ORDER**

I hereby acknowledge that I have read the Agreed Protective and Confidentiality Order in the above-styled and numbered cause and I agree to be bound by its terms. I also agree to submit to the jurisdiction of the presiding court for enforcement of said Agreed Protective and Confidentiality Order. I further agree to return or destroy all Confidential Information I receive at the conclusion of this cause.

_____           _____
  Date                                                                  Signature of Person to Be Bound

                                                                               _____
                                                                               Printed Name of Person to Be Bound

                                                                               Address: _____

                                                                                                 _____

                                                                               Telephone number: _____